IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL F. HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:20-cv-03689 |
| | ) | |
| v. | ) | The Honorable |
| | ) | Colleen Kollar-Kotelly, |
| UNITED STATES OF AMERICA, | ) | Judge Presiding |
| FEDERAL COMMUNICATIONS COMMISSION, | ) | |
| VILLAGE OF ORLAND PARK, | ) | |
| KLEIN, THORPE AND JENKINS, | ) | |
| DENNIS WALSH, | ) | |
| KEITH PEKAU INDIVIDUALLY, | ) | |
| THE STATE OF ILLINOIS, | ) | |
| KWAME RAOUL – ILLINOIS ATTORNEY | ) | |
| GENERAL, | ) | |
| THE ATTORNEY REGISTRATION AND | ) | |
| DISCIPLINARY COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION'S REPLY TO
PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COMPLAINT

Plaintiff, Michael F. Henry, filed a complaint against several Defendants, including the

Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("the

ARDC"), arising from a lawsuit filed against him in Cook County, Illinois, by Illinois  lawyers

Dennis Walsh and Howard Jablecki on behalf of the Village of Orland Park, Illinois.  That lawsuit

asserts that Plaintiff was responsible for a series of illegal robocalls to village residents.  Plaintiff

complains in this Court that the ARDC failed to discipline the Illinois attorneys for filing the

robocall lawsuit.   He seeks a declaratory judgment that the ARDC's failure to discipline the

lawyers "caused the Violation and abuse of Federal Law."  Complaint at ¶ 50.

The ARDC filed a motion to dismiss with prejudice Plaintiff's complaint against it,  on the

grounds that Plaintiff lacks standing to complain of the ARDC's failure to investigate or prosecute

attorneys, that the ARDC is immune from suit under the Eleventh Amendment to the United States Constitution, and that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff filed a response to the ARDC's motion, and the ARDC hereby submits its reply.

Plaintiff does not address the ARDC's argument that he lacks standing to challenge any decision by the ARDC declining to prosecute an attorney[1] or the precedents cited by the ARDC in support of that argument. *See* ARDC Memo at 4-12. He states (correctly) that the ARDC argues that it is immune from suit under the Eleventh Amendment, but he then simply repeats several paragraphs of the ARDC's argument without making any contrary argument. Response at 6-8. Indeed, he ends the section with the sentence, "Accordingly, because the ARDC is the investigative and prosecutorial arm of the Illinois Supreme Court, the ARDC is also immune from federal suit under the Eleventh Amendment." Response at 8. Nor does Plaintiff address the ARDC's argument that he has failed to state a claim upon which relief can be granted. ARDC Memo at 14-17.

Plaintiff's failure to respond to the ARDC's arguments should be deemed Plaintiff's concession to the ARDC's arguments for dismissing with prejudice the complaint against it. "It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003); *see also Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (same).

For instance, in *Cooper v. Farmers New Century Ins. Co.*, 607 F. Supp. 2d 175 (D.D.C. 2009), plaintiffs (an attorney serving as *pro se* counsel for himself and as counsel for three

---

[1] As noted in the ARDC's memorandum in support of its motion to dismiss Plaintiff's complaint, the ARDC's investigations of grievances alleging attorney misconduct are confidential pursuant to Ill. S. Ct. R. 766(a)(1), so the ARDC cannot confirm or deny that it ever received a grievance about lawyers Dennis Walsh and Howard Jablecki.

insureds) filed a lawsuit against the defendant insurer alleging that the insurer violated the District of Columbia's Consumer Protection Procedures Act.  The insurer moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted, and the plaintiffs did not respond directly to any of the defendant's arguments. *Cooper*, 607 F. Supp. 3d at 178-79, 180.  The court concluded that the plaintiffs had thereby conceded the defendant's motion to dismiss, and it granted the motion and dismissed the case. *Cooper*, 607 F. Supp. 3d at 180.

Plaintiff here has failed to respond to the ARDC's arguments that he lacks standing to complain of the ARDC's failure to investigate or prosecute attorneys and that he has failed to state a claim upon which relief can be granted.  Further, Plaintiff has not directly addressed the ARDC's argument that the ARDC is immune from federal suit under the Eleventh Amendment. Accordingly, this Court should consider that Plaintiff has conceded the ARDC's motion to dismiss and the arguments within that motion, and grant the ARDC's motion to dismiss Plaintiff's complaint against it with prejudice.

To the extent that Plaintiff seeks to avoid dismissal of his complaint against the ARDC because of his belief that there is no "avenue to deal with the events of the underlying lawsuit" if the ARDC is immune (Response at 13), Plaintiff's argument lacks merit.  Even if the ARDC were to prosecute the Illinois attorneys for misconduct, such prosecution would have no effect on the robocall lawsuit, as the ARDC does not intervene in civil or criminal litigation.  Further, Plaintiff may also seek sanctions against the Illinois attorneys in the robocall lawsuit pursuant to Illinois Supreme Court Rule 137 if he can prove that the lawsuit is frivolous or was brought for an improper purpose.  Finally, assuming *arguendo* that the ARDC closed an investigation of Messrs. Walsh and Jablecki based on the robocall lawsuit, the ARDC is vested with discretion to reopen closed

investigations if circumstances warrant.  ARDC R. 54.  A closed investigation may be reopened if the ARDC acquires new evidence regarding the subject of the original grievance or a new allegation against the same respondent.  *In re Thomas*, 2012 IL 113035, ¶¶ 101, 104, 962 N.E.2d 454.  In short, that the ARDC is immune from the instant lawsuit under the Eleventh Amendment does not foreclose other possible avenues for Plaintiff to "to deal with the events of the underlying lawsuit."

WHEREFORE, Defendant Attorney Registration and Disciplinary Commission respectfully requests that this Court enter an order dismissing, with prejudice, the complaint of Plaintiff Michael F. Henry, against it.

Respectfully submitted

Attorney Registration and
Disciplinary Commission,

By:    ___/s/ Myles V. Lynk___
          Myles V. Lynk
          Bar ID: 361462

Senior Assistant Disciplinary Counsel
District of Columbia Office of Disciplinary Counsel
515 Fifth Street, NW, Room 117, Bldg. A
Washington, D.C.  20001
(202) 454-1746
lynkm@dcodc.org

___/s/ Benjamin L. Boroughf___
Benjamin L. Boroughf
Illinois Attorney No. 6317848, ssplitt@iardc.org

___/s/ Steven R. Splitt_____
Steven R. Splitt
Illinois Attorney No. 6202897, bboroughf@iardc.org

Illinois Attorney Registration and Disciplinary Commission
130 E. Randolph Drive, Suite 1500
Chicago, IL  60601
(312) 565-2600

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2021, I have caused a copy of the foregoing *Attorney Registration and Disciplinary Commission's Reply to Plaintiff's Response to Motion to Dismiss Complaint* to be served by electronic delivery through the United States District Court for the District of Columbia e-filing system, and to Michael F. Henry *via* first-class mail at 13233 Bundoran Court, Orland Park, Illinois 60462.

Respectfully submitted,

Attorney Registration and Disciplinary
Commission


By:    /s/ Myles V. Lynk
       Myles V. Lynk
       Bar ID: 361462

Senior Assistant Disciplinary Counsel
District of Columbia Office of Disciplinary Counsel
515 Fifth Street, NW, Room 117, Bldg. A
Washington, D.C.  20001
(202) 454-1746
lynkm@dcodc.org

5