UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL F. HENRY,

    Plaintiff

  v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants

Civil Action No. 20-3689 (CKK)

**ORDER**
(August 6, 2021)

On January 29, 2020, the Village of Orland Park ("Orland Park"), an Illinois municipal corporation and one of the defendants in this action, filed suit against Plaintiff Michael F. Henry in Illinois state court (the "Illinois Lawsuit"), alleging that he and other unknown defendants were responsible for a series of illegal prerecorded telephone messages—"robocalls"—which disturbed Orland Park's residents. *See* Am. Compl. ¶ 23, ECF No. 3; Am. Compl. Ex. 1, Verified Compl. ¶ 1, *The Village of Orland Park v. Michael F. Henry, et. al.*, Case No. 20205000698 (Ill. Cir. Ct. 5th Dist.), ECF No. 3-1.  Orland Park's claims against Plaintiff in the Illinois Lawsuit include statutory nuisance, common law nuisance, violation of local ordinances (disorderly conduct), and violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  *Id.*

Plaintiff, proceeding *pro se*, filed this lawsuit against Defendants Federal Communications Commission ("FCC"); the United States of America; Orland Park; Klein, Thorpe and Jenkins LTD; Dennis Walsh; Keith Pekau; the State of Illinois; Kwame Raoul, Illinois Attorney General; and the Illinois Attorney Registration and Disciplinary Committee, alleging misconduct in connection with the Illinois Lawsuit. *See* Am. Compl.  Generally speaking, Plaintiff contends that the Illinois Lawsuit violates the TCPA because (1) it was not filed in federal court; (2) it was not

1

filed by a state or an "authorized" state officer; and (3) the plaintiffs in that case failed to notify the FCC of the lawsuit. *See, e.g., id.* ¶¶ 1, 29, 30, 31, 33, 35, 46, 47. Plaintiff's claims against all defendants in this action arise from the premise that the Illinois Lawsuit is illegal under the TCPA and various defendants either explicitly violated the TCPA by bringing that lawsuit or failed to prevent others from doing so. *See, e.g., id.* ¶¶ 48-51.

In support of these claims, Plaintiff relies on subsection (6) of 47 U.S.C. § 227, *see* Am. Compl. ¶ 23, which provides:

> (6) Enforcement by States
>
> (A) In general
>
> The chief legal officer of a State, or any other State officer authorized by law to bring actions on behalf of the residents of a State, may bring a civil action, as parens patriae, on behalf of the residents of that State in an appropriate district court of the United States to enforce this subsection or to impose the civil penalties for violation of this subsection, whenever the chief legal officer or other State officer has reason to believe that the interests of the residents of the State have been or are being threatened or adversely affected by a violation of this subsection or a regulation under this subsection.
>
> (B) Notice
>
> The chief legal officer or other State officer shall serve written notice on the [Federal Communications] Commission of any civil action under subparagraph (A) prior to initiating such civil action. The notice shall include a copy of the complaint to be filed to initiate such civil action, except that if it is not feasible for the State to provide such prior notice, the State shall provide such notice immediately upon instituting such civil action.
>
> (C) Authority to intervene
>
> Upon receiving the notice required by subparagraph (B), the Commission shall have the right—

>     (i)   to intervene in the action;
>
>     (ii)  upon so intervening, to be heard on all matters arising therein; and
>
>     (iii) to file petitions for appeal.

47 U.S.C. § 227(6). Plaintiff also relies on 15 U.S.C. § 6103, which similarly provides that:

> Whenever an attorney general of any State has reason to believe that the interests of the residents of that State have been or are being threatened or adversely affected because any person has engaged or is engaging in a pattern or practice of telemarketing which violates any rule of the [Federal Trade] Commission under section 6102 of this title, the State, as parens patriae, may bring a civil action on behalf of its residents in an appropriate district court of the United States to enjoin such telemarketing, to enforce compliance with such rule of the Commission, to obtain damages, restitution, or other compensation on behalf of residents of such State, or to obtain such further and other relief as the court may deem appropriate.

15 U.S.C. § 6103(a). Section 6103(e) provides that any such civil action must be brought "in a district court of the United States." 15 U.S.C. § 6103(3). Plaintiff contends that the plaintiffs in the Illinois lawsuit have violated these provisions by asserting a TCPA claim against him in state court.[1] Plaintiff's claims against all other defendants in this action rely on the alleged illegality of the pending Illinois Lawsuit.

Plaintiff, however, entirely ignores subsection (3) of 47 U.S.C. § 227 (the same statute upon which he relies), which provides:

> (3) Private right of action
>
> *A person or entity* may, if otherwise permitted by the laws or rules of court of a State, bring *in an appropriate court of that State*—

---

[1] The Court notes that Section 6103 is not part of the TCPA, but rather a provision of the Telemarketing and Consumer Fraud and Abuse Protection Act, which is administered by the Federal Trade Commission (not the FCC), and which is *not* a source of the plaintiffs' claims in the Illinois Lawsuit. *See* ECF No. 3-1.

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(3) (emphases added). A plain reading of this provision suggests that plaintiffs in the Illinois Lawsuit may pursue claims for violation of the TCPA in state court.

Pursuant to 28 U.S.C. § 1915, as applicable to a *pro se* party, "[n]othwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Based on the Court's plain reading of § 227(3), it appears that a private citizen or entity may bring a lawsuit in state court based on violations of the TCPA or its associated regulations—which is precisely what Plaintiff alleges occurred in the Illinois Lawsuit. The gravamen of Plaintiff's Amended Complaint is that it is "illegal" for the plaintiffs in the Illinois Lawsuit to pursue a claim for TCPA violations in state court. Therefore, Plaintiff's grounds for seeking relief in this action, therefore, appear to have no merit.

Accordingly, it is this 6th day of August, 2021

**ORDERED** that Plaintiff must **SHOW CAUSE** as to why the Court should not dismiss this case for failure to state a claim upon which relief may be granted; it is further

**ORDERED** that Plaintiff must file a response **no longer than five (5) pages in length** to this Order by no later than **AUGUST 20, 2021**. Failure to make such a filing will result in dismissal of this action; and it is further

**ORDERED** that no further proceedings shall take place in this action until resolution of the issue raised by the Court in this Order.

*The Clerk of Court shall mail a copy of this Order to Plaintiff's address of record by overnight mail.*

**SO ORDERED.**                                   /s
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge