**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL HENRY,
    Plaintiff

    v.                                                    Civil Action No. 20-3689 (CKK)

UNITED STATES OF AMERICA, *et al.*,
    Defendant

**MEMORANDUM OPINION & ORDER**
(September 30, 2021)

Plaintiff Michael Henry, proceeding *pro se*, brings this action against the Federal Communications Commission ("FCC"); the United States of America; the Village of Orland Park; Klein, Thorpe and Jenkins LTD; Dennis Walsh; Keith Pekau; the State of Illinois; Kwame Raoul, Illinois Attorney General; and the Illinois Attorney Registration and Disciplinary Committee, alleging that each defendant wrongfully initiated or failed to prevent a lawsuit alleging that Plaintiff violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, from being filed and pursued in Illinois state court.

Pending before the Court are the following motions:

- Defendant Illinois Attorney Registration and Disciplinary Committee's [9] Motion to Dismiss the Complaint;

- Defendants FCC and United States' [15] Motion to Dismiss the Complaint;

- Plaintiff's [27] Motion for Sanctions;

- Plaintiff's [37] Motion for Temporary Restraining Order against Defendants State of Illinois and Illinois Attorney General Kwame Raoul;

- Plaintiff's [41] Motion for Temporary Restraining Order against Defendants Kwame Raoul as an Individual, and Keith Pekau as an Individual;

- Plaintiff's [42] Motion for Reconsideration of Order;

1

- Plaintiff's [51] Motion for Criminal Referral; and

- Plaintiff's  [52] and [53] Motion for Removal of Judge Colleen Kollar-Kotelly under 28 U.S.C. § 144.

For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to establish this Court's jurisdiction with respect to certain defendants named in his Complaint; and fails to state a claim for relief with respect to others.  Accordingly, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), and the Court's authority pursuant to 28 U.S.C. § 1915 with respect to *pro se* plaintiffs, the Court shall **DISMISS** the Amended Complaint in this action and, as a result, shall **DENY** Plaintiff's [27], [37], [41], [42], [51], [52] and [53] Motions.

## I.    BACKGROUND

On January 29, 2020, the Village of Orland Park ("Orland Park"), an Illinois municipal corporation, filed suit against Plaintiff in Illinois state court (the "Illinois Lawsuit"), alleging that he and other unknown defendants were responsible for a series of illegal prerecorded telephone messages—"robocalls"—which disturbed Orland Park's residents. *See* Am. Compl. ¶ 23, ECF No. 3; Am. Compl. Ex. 1, Verified Compl. ¶ 1, *The Village of Orland Park v. Michael F. Henry, et. al.*, Case No. 20205000698 (Ill. Cir. Ct. 5th Dist.), ECF No. 3-1.  Orland Park's claims against Plaintiff in the Illinois lawsuit include statutory nuisance, common law nuisance, violation of local ordinances (disorderly conduct), and violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  *See* ECF No. 3-1.

Plaintiff, proceeding *pro se* in this action, brings claims against Defendants Federal Communications Commission ("FCC"); the United States of America; Orland Park; Klein, Thorpe and Jenkins LTD; Dennis Walsh; Keith Pekau; the State of Illinois; Kwame Raoul, Illinois Attorney General; and the Illinois Attorney Registration and Disciplinary Committee, alleging misconduct in connection with the Illinois Lawsuit.  *See* Am. Compl.  Generally speaking, Plaintiff

contends that the Illinois Lawsuit violates the TCPA because (1) it was not filed in federal court; (2) it was not filed by a state or an "authorized" state officer; and (3) the plaintiff in that case failed to notify the FCC of the lawsuit. *See, e.g.*, *id.* ¶¶ 1, 29, 30, 31, 33, 35, 46, 47. Plaintiff's claims against all defendants in this action arise from the premise that the Illinois Lawsuit is illegal under the TCPA and various defendants either explicitly violated the TCPA by bringing that lawsuit or failed to prevent others from doing so. *See, e.g.*, *id.* ¶¶ 48–51.

Specifically, Plaintiff relies on 47 U.S.C. § 227(e)(6), which provides in pertinent part:

> **(6) Enforcement by States**
>
> **(A) In general**
>
> The chief legal officer of a State, or any other State officer authorized by law to bring actions on behalf of the residents of a State, may bring a civil action, as parens patriae, on behalf of the residents of that State in an appropriate district court of the United States to enforce this subsection or to impose the civil penalties for violation of this subsection, whenever the chief legal officer or other State officer has reason to believe that the interests of the residents of the State have been or are being threatened or adversely affected by a violation of this subsection or a regulation under this subsection.
>
> **(B) Notice**
>
> The chief legal officer or other State officer shall serve written notice on the Commission of any civil action under subparagraph (A) prior to initiating such civil action. The notice shall include a copy of the complaint to be filed to initiate such civil action, except that if it is not feasible for the State to provide such prior notice, the State shall provide such notice immediately upon instituting such civil action.
>
> **(C) Authority to intervene**
>
> Upon receiving the notice required by subparagraph (B), the Commission shall have the right--
>
> > **(i)** to intervene in the action;
> >
> > **(ii)** upon so intervening, to be heard on all matters arising therein; and
> >
> > **(iii)** to file petitions for appeal.

### (D) Construction

For purposes of bringing any civil action under subparagraph (A), nothing in this paragraph shall prevent the chief legal officer or other State officer from exercising the powers conferred on that officer by the laws of such State to conduct investigations or to administer oaths or affirmations or to compel the attendance of witnesses or the production of documentary and other evidence.

### (E) Venue; service or process

#### (i) Venue

An action brought under subparagraph (A) shall be brought in a district court of the United States that meets applicable requirements relating to venue under section 1391 of Title 28 . . .

*See* Am. Compl. ¶ 23.  Plaintiff contends that Orland Park violated § 227(e)(6) by filing the Illinois Lawsuit in state court.[1]  *Id.*  And he contends that it was illegal for Orland Park to pursue a TCPA claim because it was "not authorized" by the State of Illinois to do so.  *Id.* ¶ 33.  He further claims that this provision obligates the FCC to "monitor all suits" brought under this section, and that the FCC failed to "make and publish rules and review procedures that prevent[ ] lawsuits from being filed illegally in State Courts."  *Id.* ¶ 29.  He contends that the FCC has failed to "intervene" in the Illinois Lawsuit and "cause it to be dismissed or transferred to District Court."  *Id.* ¶ 40.  He also filed a [27] Motion for Sanctions against the Assistant United States Attorney who has appeared in this case on behalf of the Federal Defendants, contending that she has failed to "enforce the law and seek to correct an Illegal duty," despite notice of the alleged "illegal" Illinois Lawsuit."  Pl.'s Mot. for Sanctions ¶ 6, ECF No. 27.

---

[1] Plaintiff also claims that the plaintiffs in the Illinois lawsuit have violated 15 U.S.C. § 6103(a).  *See* Show Cause Order at 3. As the Court has previously noted, however, section 6103 is not part of the TCPA, but rather a provision of the Telemarketing and Consumer Fraud and Abuse Protection Act, which is administered by the Federal Trade Commission (not the FCC), and which is *not* a source of the plaintiffs' claims in the Illinois Lawsuit. *See* Show Cause Order at 3 (citing ECF No. 3-1).

On August 6, 2021, pursuant to its authority under 28 U.S.C. § 1915 with respect to *pro se* plaintiffs, the Court ordered Plaintiff to show cause as to why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted.  Specifically, the Court noted that 47 U.S.C. § 227—the statutory basis for Plaintiff's claims in this action—provides:

> **(3) Private right of action**
>
> A person or *entity* may, if otherwise permitted by the laws or rules of court of a State, *bring in an appropriate court of that State--*
>
> **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> **(C)** both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3) (emphases added).  The Court observed that a "plain reading of this provision suggests that the plaintiff in the Illinois Lawsuit may pursue claims for [certain] violations of the TCPA in state court. . . . The gravamen of Plaintiff's Amended Complaint is that it is 'illegal' for the plaintiffs in the Illinois Lawsuit to pursue a claim for TCPA violations in state court.  Therefore, Plaintiff's grounds for seeking relief in this action, therefore, appear to have no merit."  Show Cause Order at 4, ECF No. 38. Accordingly, the Court issued a Show Cause Order, ordering Plaintiff to respond as to why the Court should not dismiss this case for failure to state a claim upon which relief may be granted. Plaintiff filed his response on August 7, 2021, *see* ECF No. 40, the content of which the Court shall address in its discussion below. Plaintiff also filed a

[52, 53] Motion for Removal, seeking to disqualify this Court from adjudicating his case because, he claims, the Show Cause Order evidences "judicial bias."

## II.   LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(1)

As courts of limited jurisdiction, federal courts must assure themselves of jurisdiction over any controversy they hear. *See Noel Canning v. NLRB*, 705 F.3d 490, 496 (D.C. Cir. 2013). For that reason, doubts about "subject matter jurisdiction may be raised at any time, even by the court *sua sponte*." *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011); *see also G. Keys PC/Logis NP v. Pope*, 630 F. Supp. 2d 13, 15 (D.D.C.2009) ("When it perceives that subject matter jurisdiction is in question, the Court should address the issue *sua sponte*."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Although the Court must liberally construe pro see complaints, *see United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), a pro se plaintiff must still meet his burden of proving that the Court has subject matter jurisdiction over the claims. *See, e.g.*, *Glaviano v. JP Morgan Chase Bank, N.A.*, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013) (dismissing pro se complaint for lack of subject matter jurisdiction); *Caldwell v. Kagan,*777 F. Supp. 2d 177, 178-79 (D.D.C. 2011) (*sua sponte* dismissing pro se complaint for lack of subject matter jurisdiction under Rule 12(h)(3)).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts "do not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). Complaints submitted by plaintiffs proceeding *pro se* are reviewed by the court under "less stringent standards than formal pleadings drafted by lawyers." *Kerner*, 404 U.S. at 520.  However, a *pro se* complaint must still plead " 'factual matter' that permits the court to infer more than the 'mere possibility of misconduct.'" *Jones v. Horne*, 634 F.3d 588, 596 (D.C.Cir. 2011) (citation and internal quotations omitted).

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted.  *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013). However, if the complaint's failure to state a claim for the purpose of Rule 12(b)(6) "is patent, 'it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources' for the court to act on its own initiative and dismiss the action." *Id.* (citation omitted); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990).  Moreover, pursuant to 28 U.S.C. § 1915 with respect to *pro se* plaintiffs, courts are authorized to dismiss an action "at any time if the court determines" the action is "frivolous," "malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). "Dismissal remains appropriate where the plaintiff's complaint provides no factual or legal basis for the requested relief." *Thomas v. Wilkins*,

61 F. Supp. 3d 13, 17 (D.D.C. 2014), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015) (citation and internal quotation marks omitted).

### C.  Motion for Recusal under  28 U.S.C. § 144

Pursuant to 28 U.S.C. § 144, a litigant may "make[ ] and file[ ] a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144. Upon the filing of a "timely and sufficient affidavit," section 144 mandates that the assigned "judge shall proceed no further, but another judge shall be assigned to hear such proceeding." *Id.*; *see also Bhd. of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R. Co.*, 380 F.2d 570, 576 (D.C. Cir. 1967) ("The disqualification statute, 28 U.S.C. § 144, is mandatory and automatic, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge.").

"Importantly, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit . . . does not automatically result in the challenged judge's disqualification." *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010); *see also United States v. Miller*, 355 F. Supp. 2d 404, 405 (D.D.C. 2005) ("disqualification is not automatic upon submission of affidavit and certificate").  "Importantly, to be disqualifying, the alleged bias usually 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Robertson*, 691 F. Supp. 2d at 78 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *see also Liteky v. United States*, 510 U.S. 540, 554 (1994) (predispositions developed during proceedings are rarely sufficient).

## III.   DISCUSSION

### A. The Court's Show Cause Order Does not Evidence any Extrajudicial Bias or Prejudice, and Does Not Warrant Recusal.

The Court first addresses Plaintiff's [53] and [54] Motion for Recusal.[2]  Plaintiff seeks "removal" of this Court on the grounds that, in issuing its Show Cause Order, the Court "refused to follow the Federal Rules of Civil Procedure" and "became an advocate for the Village of Orland Park."  Pl.'s Mot. for Recusal ¶ 1; *see also* Pl.'s Aff. ¶¶ 3, 4.   In sum, Plaintiff's basis for removal hinges on the Court's earlier rulings in this case, which the Supreme Court has directed is an insufficient basis for recusal.  *See Grinnell Corp.*, 384 U.S. at 583.

The Court's earlier rulings in this case do not evidence any extrajudicial bias or prejudice and are therefore insufficient to support Plaintiff's request for recusal.  *See, e.g., Simon v. Dep't of Justice*, No. 16-5031, 2016 WL 3545484, at *1 (D.C. Cir. June 10, 2016) (per curiam) (affirming denial of motion for disqualification because appellant had "not alleged any basis for finding that the district judge had any personal bias against him, or that the judge's impartiality could reasonably be questioned").   Rather, the Court's Show Cause Order was consistent with its authority under 28 U.S.C. § 1915 with respect to *pro se* plaintiffs to dismiss an action "at any time if the court determines" the action is "frivolous," "malicious," or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  Although, for the reasons discussed in greater detail below, the Court observed that Plaintiff's Complaint failed to state a claim for relief based on the provisions of the TCPA cited in the Show Cause Order, the Court offered Plaintiff the opportunity to respond.  The Court's decision did not evidence any bias or personal prejudice

---

[2] Plaintiff appears to have filed two identical motions seeking disqualification. The Court addresses both motions in this section.

towards Plaintiff; it was merely issued consistent with the Court's authority under 28 U.S.C. § 1915(e) and the Federal Rules of Civil Procedure.

For these reasons, the Court **DENIES** Plaintiff's [52, 53] Motions for Removal.

**B. Plaintiff's Claims Against the State Defendants Shall Be Dismissed for Lack of Subject Matter Jurisdiction.**

The Court lacks subject matter jurisdiction to consider Plaintiff's claims against the State of Illinois and Illinois Attorney General Kwame Raoul ("State AG"), and so shall **DISMISS** those defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3).  Because the Court dismisses the State of Illinois and the State AG, the Court shall also **DENY** Plaintiff's [37] Motion for a Temporary Restraining Order against these defendants for lack of jurisdiction.  The Court also lacks subject matter jurisdiction to consider Plaintiff's claims against the ARDC, and so shall **GRANT** ARDC's Motion to Dismiss, and shall **DISMISS** ARDC from this lawsuit pursuant to Rules 12(b)(1) and 12(h)(3).

The Eleventh Amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent.  U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).  Sovereign immunity applies not only to "actions in which a State is actually named as the defendant," but also to actions "against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *see also P.R. Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 872 (D.C. Cir. 2008).  This bar is jurisdictional and precludes federal courts from entertaining suits against the state, "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The Court lacks jurisdiction over Plaintiff's claims against the State of Illinois because it is well-established that "an unconsenting State is immune from suits brought in federal courts by her own citizens[.]" *Emps. of Dep't of Pub. Health & Welfare, Mo. v. Dep't of Public Health &*

*Welfare, Mo.*, 411 U.S. 279, 280 (1973).  Upon thorough review of the record in this case, Plaintiff has not established any basis to conclude that the State has consented to any of the claims he asserts against the State of Illinois in his pending TRO Motion or Complaint.  For example, in his TRO Motion, Plaintiff asserts, without any citation to legal authority, that "the State of Illinois has waived sovereign Immunity as it has allowed the Village of Orland Park to File Suit Under [U.S.] law but failed to [e]nsure that Federal Law was Followed[.]"  TRO Mot. ¶ 1. Absent any legal or factual authority supporting this contention, the Court cannot conclude that the State has clearly consented to the type of claim Plaintiff now brings against the State of Illinois in his Complaint and TRO Motion.

With respect to Plaintiff's claims against the State AG, the Eleventh Amendment "bars a suit against state officials when "*the state* is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101. "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58(1963) (per curiam ).  "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 102 (citing *Cory v. White*, 457 U.S. 85, 91 (1982)). Here, any relief against the State AG would effectively work against the State, rather than the State AG in any individual capacity.  In other words, the State AG cannot take the actions Plaintiff seeks to compel him to take outside of his "official capacity" as the attorney general of the state. Accordingly, the Eleventh Amendment bars Plaintiff's suit against the State AG.

The Court further concludes that the ARDC is also immune from Plaintiff's suit.[3] "Whether an entity is an arm of the State for purposes of sovereign immunity under the U.S. Constitution is a question of federal law." *P.R. Ports Auth. V. Fed. Maritime Comm'n*, 531 F.3d 868, 872 (2008) (citing *Doe*, 519 U.S. at 429 n.5).  In deciding that issue, "the Supreme Court and [the D.C. Circuit] have generally focused on the 'nature of the entity created by state law' and whether the State 'structured' the entity to enjoy its immunity from suit." *Id.* at 873 (citations omitted).  The D.C. Circuit has identified three relevant factors: "(1) the State's intent as to the status of the entity, including the functions performed by the entity; (2) the State's control over the entity; and (3) the entity's overall effects on the state treasury." *Id.*  "Under the three-factor test, an entity either is or is not an arm of the State: The status of an entity does not change from one case to the next based on the nature of the suit, the State's financial responsibility in one case as compared to another, or other variable factors." *Id.*

The ARDC was established by the Illinois Supreme Court as its "agent in administering its disciplinary functions" with respect to attorneys who have been admitted to practice in that state. ARDC's Mot. to Dismiss ¶ 26, ECF No. 9-1.  The Illinois Supreme Court is immune from lawsuits in federal court. *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999).  The Illinois Supreme Court created the ARDC; it appoints its members; and prescribes its duties. *Bartoli v. Atty. Reg. and Disciplinary Comm'n*, No. 97 C 3412, 1998 U.S. Dist. LEXIS 2413, at *8–9 (N.D. Ill., Feb. 24, 1998).  Although the "impact" of a judgment against the ARDC on the state's treasury is not clear from the present record, that factor is "irrelevant if the first two weigh in favor of Eleventh Amendment immunity," which the Court concludes they do. *Thiel v. State Bar*, 94 F.3d

---

[3] ARDC also argues that Plaintiff lacks standing to challenge the ARDC's decision not to pursue a grievance against attorneys. *See* ARDC's Mot. ¶¶ 10–11.  Because the Court concludes that it lacks jurisdiction due to ARDC's immunity, it does not reach this additional jurisdictional argument.

399, 401 (7th Cir. 1996). Consistent with the decisions of other jurisdictions, *see e.g.*, *Bartoli*, 1998 U.S. Dist. LEXIS 2413, this Court concludes that ARDC is immune from suit, and therefore **GRANTS** ARDC's Motion to Dismiss for lack of jurisdiction.

### C. Plaintiff's Amended Complaint Against the Federal Defendants Fails to State a Claim Upon Which Relief May Be Granted, and So Shall Be Dismissed.

The Court also concludes that Plaintiff's Amended Complaint fails to state a plausible claim for relief against Defendants FCC and the United States, and so the Court shall **GRANT** the Federal Defendants' [15] Motion to Dismiss.

In his Amended Complaint, Plaintiff indicates that he seeks review over the "[f]ailure of the FCC to generate Rules" to enforce certain provisions of the TCPA and its failure to "monitor" the filing of lawsuits under the TCPA. Am. Compl ¶ 3. In his [18] Opposition to the Federal Defendants' Motion to Dismiss, Plaintiff indicates that he seeks "declaratory relief" against the FCC "for its failure to perform its obligation required by Administrative Procedure Act . . . and [to] ensure that there is total compliance with 5 [U.S.C.] § 553 and 47 U.S.C § 227." Pl.'s Opp'n to Fed. Defs.' Mot. to Dismiss at 2. These claims fail for several reasons.

*First,* Plaintiff seeks a "declaratory judgment" that the FCC failed to "regulate" and "publish rules" required by 5 U.S.C. § 553. Notably, APA § 553 does *not* obligate any federal agency to "initate[,] create, or publish" rules on any particular topic; rather, it sets forth the procedures an agency must follow when undertaking rulemaking. 5 U.S.C. § 553. To the extent Plaintiff seeks relief pursuant to any purported violation of § 553, that claim fails because that section does not mandate that an agency engage in rulemaking out of thin air.

Construing Plaintiff's Amended Complaint generously—as the Court must do with *pro se* complaints—it appears that Plaintiff also seeks to invoke § 702 of the APA, which provides that "a person suffering legal wrong because of agency action, or adversely affected by or aggrieved

by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Plaintiff alleges, for example, that he "has been aggrieved by the actions of [the] FCC" because "there is already a pending suit in court against [him]." Pl.'s Opp'n to Fed. Defs.' Mot. to Dismiss at 7. Based on this alleged injury, he seeks to compel the agency to "intervene" in the Illinois State Lawsuit and remove that case to federal court. Am. Compl. ¶ 48. But a plaintiff who seeks to compel agency action "must pinpoint an agency's failure to take an action that is *both* discrete *and* mandatory." *Ctr. for Biological Diversity v. Zinke*, 260 F. Supp. 3d 11, 21 (D.D.C. 2017) (citing *Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 64 (2004)). Although Plaintiff's Amended Complaint contains wide-reaching allegations that the FCC failed to "monitor" lawsuits in state court and failed to "enforce" the TCPA provision, he points to no provision providing a "ministerial or nondiscretionary" and mandatory duty that requires the FCC (1) to "regulate" or "monitor" the filing of TCPA lawsuits by state officials; (2) to "intervene" in any state lawsuit; or (3) to make rules to enforce the "notice" provision he identifies. Accordingly, Plaintiff fails to state a claim under the APA.

    *Second*, section 227 of the TCPA requires that when a state officials brings a lawsuit to enforce the TCPA, "[t]he chief legal officer or other State officer" must "serve written notice on the [FCC]" before initiating the lawsuit and requires that the notice "include a copy of the complaint to be filed[.]"[4] § 227(e)(6)(B). This provision plainly puts the onus on the "authorized state official" to submit such a notice to the FCC. There is no obligation requiring the *FCC* to collect this information, nor, as Plaintiff contends, to "monitor" all state court lawsuits (particularly where, as here, it did not receive "notice" of the suit). *See* Am. Compl. ¶ 29.

---

[4] The Federal Defendants also observe that it is not clear that this provision would even apply, because the plaintiff in the Illinois Lawsuit is a municipal entity, not a "state" or "state official"—which Plaintiff appears to concede in his Amended Complaint, contending that this is an additional reason that the Illinois Lawsuit is "illegal." *See* Am. Compl. ¶ 33.

*Third*, having concluded that Plaintiff's APA claims fail as a legal matter, the TCPA does not rescue Plaintiff's claims against the Federal Defendants. The TCPA provides for "a civil action . . . to enjoin [unlawful] calls [or] to recover . . . damages for each violation." 47 U.S.C. § 227(g)(1). The other rights of action in the TCPA are similarly limited to actions seeking injunctive relief or damages against a person making unlawful calls. *See, e.g.*, § 227(b)(3), (c)(5), (e)(5)-(6). Nothing in the TCPA provides a cause of action against a federal government agency, nor does it authorize the Court to compel the FCC to intervene in any lawsuit. *See* Fed. Defs' Mot. to Dismiss at 9–10.

For these reasons, the Court concludes that Plaintiff's Amended Complaint against the Federal Defendants fails to state a plausible claim for relief and so shall be dismissed.

Related to his claims against the Federal Defendants, Plaintiff also filed a [27] Motion for Sanctions against the Assistant United States Attorney who has appeared in this case on behalf of the Federal Defendants, contending that she has failed to "enforce the law and seek to correct an Illegal duty," despite notice of the alleged "illegal" Illinois Lawsuit." Pl.'s Mot. for Sanctions ¶ 6, ECF No. 27. Because Plaintiff's claims against the Federal Defendants fail, there is similarly no basis for sanctions. Accordingly, the Court shall also **DENY** Plaintiff's Motion for Sanction.

### D. Plaintiff's Amended Complaint Against the Local Defendants Fails to State a Claim Upon Which Relief May Be Granted, and So Shall Be Dismissed.

Finally, pursuant to its authority under with respect to *pro se* plaintiff to dismiss an action "at any time if the court determines" the action is "frivolous," "malicious," or "fails to state a claim on which relief may be granted," 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), the Court shall also dismiss the Amended Complaint against the Local Defendants (the Village of Orland Park; Klein, Thorpe and Jenkins LTD; Dennis Walsh; and Keith Pekau).[5]

---

[5] The Court's dismissal of these defendants on the basis that the Amended Complaint fails to state a claim for relief should not be construed as a conclusion that the Court is satisfied of its personal jurisdiction over these defendants, or

As with the Federal Defendants, Plaintiff cites no provision of the TCPA creating a federal cause of action allowing Plaintiff to sue any individual or any "municipal corporation" who has sued *him* based on alleged violations of the TCPA—as noted above, the causes of action under the statute appear to be limited to actions seeking injunctive relief or damages against a person making unlawful calls.  For that reason, Plaintiff fails to state a legal claim against these defendants upon which relief may be granted.

Moreover, as the Court previously noted in its Show Cause Order, the gravamen of Plaintiff's Amended Complaint is that the Illinois Lawsuit was filed in violation of the TCPA because (1) it was filed in state court rather than federal court; and (2) it was not brought by an "authorized" state official.  *See* Show Cause Order at 4.  Plaintiff relies on section 227(e)(6)(A), which directs that a "chief legal officer of a State . . . may bring a civil action . . . on behalf of the residents of that State in an appropriate district court of the United States to enforce this subsection or to impose civil penalties," and requires a state legal officer to "serve written notice on the [FCC] . . . prior to initiating such civil action."  *See* Am. Compl. ¶ 23.

As the Court previously noted, the TCPA does not appear to preclude a state municipal corporation from bringing a lawsuit against Plaintiff in state court.  Section 227 of the TCPA permits "A person or *entity*" to "*bring in an appropriate court of that State* . . . an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."  47 U.S.C. § 227(b)(3) (emphases added).  The Court reiterates its earlier explanation that a "plain reading of this provision suggests that the plaintiff in the Illinois Lawsuit may pursue claims for violation of the TCPA in state court."  Show Cause Order at 4.

---

that they have been properly served with the summons and complaint.  To the contrary, the Court is not satisfied that Plaintiff has complied with Federal Rule of Civil Procedure 4 with respect to any of the Local Defendants.

In his response to the Court's Show Cause Order, Plaintiff argues that Orland Park is a "Governmental Entity" and therefore cannot pursue TCPA claims against Plaintiff in state court under § 227(b)(3).  Plaintiff also cites several cases standing purportedly distinguishing between "public and private" entities.  *See* Pl.'s Resp. to Show Cause Order ¶¶ 9–17, ECF No. 40.  These cases are inapposite to the issues here; none address whether a *municipal corporation* is an "entity" or what constitutes an "entity" for purposes of the TCPA.  *See, e.g.*, *Dep't of Transp. v. Ass'n of Am. R.R.*, 575 U.S. 43, 47 (2015) (concluding that Amtrak was a "governmental entity" for purposes of jointly determining the validity of metrics and standards pursuant to the Passenger Rail Investment and Improvement Act of 2008).

Although the TCPA defines "person" as a "an individual, partnership, association, joint-stock company, trust, or corporation," 47 USC § 153(39), it does not contain a definition for "entity."  A plain reading of the term "entity" suggests that it could also cover, for example, a municipal corporation such as Orland Park. *See, e.g.*, *Entity*, Merriam Webster (defining "entity as "an organization (such as a business or governmental unit) that has an identity separate from those of its members"); *Entity*, Black's Law Dictionary (same).

Based on the Court's plain reading of § 227(b)(3), it appears that a private citizen or entity may bring a lawsuit in state court based on violations of the TCPA or its associated regulations—which is precisely what Plaintiff alleges occurred in the Illinois Lawsuit. Therefore, Plaintiff's grounds for seeking relief in this action, therefore, fail to state a claim upon which relief may be granted and the Court shall dismiss the Complaint as to the Local Defendants.

### E.  The Court Shall Deny Plaintiff's Remaining Motions

Because the Court has dismissed Plaintiff's Amended Complaint as to all Defendants in this case, the Court also **DENIES** the following motions:

- Plaintiff's [27] Motion for Sanctions;

- Plaintiff's [37] Motion for Temporary Restraining Order against Defendants State of Illinois and Illinois Attorney General Kwame Raoul;

- Plaintiff's [41] Motion for Temporary Restraining Order against Defendants Kwame Raoul as an Individual, and Keith Pekau as an Individual; and

- Plaintiff's [51] Motion for Criminal Referral.

## IV.    CONCLUSION & ORDER

For the reasons set forth above, it is this 30th day of September 2021, hereby **ORDERED**:

Defendant Illinois Attorney Registration and Disciplinary Committee's [9] Motion to Dismiss the Complaint is **GRANTED;**

Defendants FCC and United States' [15] Motion to Dismiss the Complaint is **GRANTED;**

Plaintiff's [27] Motion for Sanctions is **DENIED;**

Plaintiff's [37] Motion for Temporary Restraining Order against Defendants State of Illinois and Illinois Attorney General Kwame Raoul is **DENIED;**

Plaintiff's [41] Motion for Temporary Restraining Order against Defendants Kwame Raoul as an Individual, and Keith Pekau as an Individual is **DENIED;**

Plaintiff's [42] Motion for Reconsideration of Order is **DENIED;**

Plaintiff's [51] Motion for Criminal Referral is **DENIED; and**

Plaintiff's  [52] and [53] Motion for Removal of Judge Colleen Kollar-Kotelly under 28 U.S.C. § 144 are **DENIED.**

It is further **ORDERED** that this case is **DISMISSED.**

*The Clerk of Court shall mail a copy of this Memorandum Opinion & Order to Plaintiff's address of record.*

**SO ORDERED.**

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

18