**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL HENRY,<br><br>        Plaintiff<br><br>   v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>        Defendant | Civil Action No. 20-3689 (CKK) |

**MEMORANDUM OPINION & ORDER**
(August 26, 2022)

Plaintiff Michael Henry, proceeding *pro se*, brought this action against the Federal Communications Commission ("FCC"); the United States of America; the Village of Orland Park; Klein, Thorpe and Jenkins LTD; Dennis Walsh; Keith Pekau; the State of Illinois; Kwame Raoul, Illinois Attorney General; and the Illinois Attorney Registration and Disciplinary Committee, alleging that each defendant wrongfully initiated or failed to prevent a lawsuit alleging that Plaintiff violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, from being filed and pursued in Illinois state court ("Illinois Lawsuit").  In its [54] Memorandum Opinion & Order, the Court dismissed this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), concluding that Plaintiff had failed to establish this Court's jurisdiction with respect to certain defendants and failed to state a claim for relief with respect to others.  *See* Mem. Op. & Order at 2, 10–17.

Pending before the Court are Plaintiff's [55] Motion for Clarification and Reconsideration of the Court's Dismissal and [56] Motion for Reconsideration and Declaratory Judgment.  In the former, Plaintiff seeks "reconsideration" and "clarification" of the Court's order dismissing this case, contending that the Court failed to "rule" on the question of whether one of Plaintiff's statements was "Free speech" under the First Amendment and that the Court erroneously

1

concluded that the TCPA does not "appear to preclude a state municipal corporation from bringing a lawsuit against Plaintiff in state court." *See* Pl.'s [55] Mot. at 1–2; Mem. Op. & Order at 16. In the latter, Plaintiff seeks a "declaratory judgment" that the Village of Orland Park is "not a Municipal entity" and therefore could not file a "State Action" under the TCPA. *See* Pl.'s [56] Mot. at 2. For the reasons below, the Court **DENIES** both motions.

Both of Plaintiff's motions seek reconsideration of the Court's previous Memorandum Opinion & Order dismissing Plaintiff's complaint in this action. A motion for reconsideration should be granted only if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations and quotations omitted). A motion for reconsideration is not "a vehicle for presenting theories or arguments that could have been advanced earlier." *Jones v. Bernanke,* 538 F. Supp. 2d 53, 60 (D.D.C. 2008) (citing *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993)); *see also Harrison v. Federal Bureau of Prisons,* 681 F. Supp. 2d 76, 84 (D.D.C.2010). In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. for Mfg. Sciences v. U.S. Dep't of Defense*, 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted).

Plaintiff's conclusory assertions in both pending motions that the Court erred in its previous Memorandum Opinion & Order are insufficient to compel the Court to re-visit its prior rulings. His arguments merely repeat previous arguments raised to the Court without any new analysis demonstrating how these rulings were based on a "clear error." To the extent he contends the Court "failed" to rule on whether a certain email is "[f]ree speech" under the First Amendment, it is unclear to the Court how that has any bearing on the conclusions in its earlier analysis about

why the case should be dismissed.  In sum, Plaintiff has failed to carry his burden of demonstrating that reconsideration of the Court's [54] Memorandum Opinion & Order is appropriate.

Accordingly, it is this 26th day of August 2022 hereby **ORDERED** that Plaintiff's [55] Motion for Clarification and Reconsideration of the Court's Dismissal and [56] Motion for Reconsideration and Declaratory Judgment are **DENIED**.

*The Clerk of Court shall mail a copy of this Memorandum Opinion & Order to Plaintiff's address of record.*

**SO ORDERED.**

/s/ _____
COLLEEN KOLLAR-KOTELLY
United States District Judge
